UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD FERGUSON, individually and for others similarly situated,<br><br>v.<br><br>EOG RESOURCES, INC. | Civ. A. No. _____<br><br>Collective Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Richard Ferguson ("Plaintiff") bring this lawsuit to recover unpaid overtime wages and other damages owed under the Fair Labor Standards Act ("FLSA") and applicable state law, such as the New Mexico Minimum Wage Act ("NMMWA").

2. EOG Resources, Inc. ("EOG") is one of the largest independent crude oil and natural gas companies in the United States.

3. EOG employs oilfield personnel, like Plaintiff, to carry out its work.

4. Plaintiff, and the other workers like them, were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time.

5. But EOG does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

6. Instead of paying overtime as required by the FLSA and the NMMWA, EOG pays these workers a day-rate and improperly classifies them as independent contractors.

7. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).

10. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

12. From approximately March 2014 until April 2015, Plaintiff worked exclusively for EOG as an oilfield contractor (specifically, as a drilling fluids engineer). Throughout his employment with EOG, he was paid a day-rate with no overtime compensation and was misclassified as an independent contractor. His consent to be a party plaintiff is attached herein as <u>Exhibit A</u>.

13. Plaintiff brings this action on behalf of himself and other similarly situated workers who were classified as independent contractors and paid by EOG's day-rate system.

14. EOG paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

15. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield personnel who worked for EOG during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime (the "Putative Class Members").**

16. Plaintiff seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

17. Plaintiff also seeks certification of a class under FED. R. CIV. P. 23 to remedy EOG's violations of the NMMWA.

18. The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their NMMWA claims is defined as:

> **All oilfield personnel who worked for EOG in New Mexico who were classified as independent contractors and paid a day-rate with no overtime (the "New Mexico Class").**

19. EOG Resources, Inc., is a corporation incorporated in Delaware and doing business throughout the United States, including in this District. EOG can be served by serving its registered agent, **CT Corporation System**, at **1999 Bryan St., Suite 900, Dallas, Texas 75201.**, or wherever it may be found.

## COVERAGE UNDER THE FLSA

20. For at least the past decade, EOG has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. For at least the past decade, EOG has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. For at least the past decade, EOG has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

24. As will be shown through this litigation, EOG treated Plaintiff and the Putative Class Members as employees and uniformly dictated the pay practices Plaintiff and the Putative Class Members were subjected to.

25. EOG's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

**FACTS**

26. EOG operates throughout the United States, and in Texas and New Mexico.

27. In order to create the goods, and provide the services, it markets to its customers, EOG employs oilfield personnel like Plaintiff and the Putative Class Members.

28. These oilfield workers carry out the hands-on, day-to-day production work of EOG.

29. EOG paid Plaintiff and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

30. For example, Plaintiff worked exclusively for EOG from approximately March 2014 until April 2015 as a drilling fluid engineer.

31. Plaintiff was paid on a day-rate basis.

32. EOG typically scheduled Plaintiff to work 12 hour shifts, for as many as 7 days a week.

33. During each year of his employment, Plaintiff regularly worked well in excess of 40 hours in a workweek.

34. But EOG did not pay Plaintiff overtime.

35. The work Plaintiff performed was an essential part of producing EOG's core products and/or services.

36. During Plaintiff's employment with EOG, EOG exercised control (directly or jointly through another company) over all aspects of Plaintiff's job.

37. Plaintiff did not make any substantial investment in order to perform the work EOG required of him.

38. EOG determined Plaintiff's opportunity for profit and loss.

39. Plaintiff's earning opportunity was based on the number of days EOG scheduled him to work.

40. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

41. Plaintiff was not employed by EOG on a project-by-project basis, but rather on a consistent basis.

42. While Plaintiff was classified as an independent contractor, he was regularly on call for EOG and was expected to drop everything and work whenever needed.

43. EOG, individually or jointly with a company it contracted with, controlled all the significant or meaningful aspects of the job duties performed by Plaintiff.

44. EOG controlled the hours and locations Plaintiff worked, the tools he used, and the rates of pay he received.

45. Even when Plaintiff worked away from EOG's offices without the presence of a direct EOG supervisor, EOG still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with EOG's and/or its client's policies and procedures.

46. More often than not, Plaintiff utilized equipment provided by EOG to perform his job duties.

47. Plaintiff did not provide the equipment he worked with on a daily basis.

48. EOG made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Plaintiff worked in.

49. Plaintiff did not incur operating expenses like rent, payroll, marketing, and insurance.

50. Plaintiff was economically dependent on EOG during his employment.

51. EOG set Plaintiff's rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for EOG.

52. Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiff to perform his job duties.

53. Indeed, the daily and weekly activities of Plaintiff and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by EOG.

54. Virtually every job function performed by Plaintiff and the Putative Class Members was pre-determined by EOG and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

55. Plaintiff and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

56. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to oil and gas operations in the field.

57. Plaintiff performed routine manual and technical job duties that were largely dictated by EOG.

58. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

59. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

60. The Putative Class Members regularly worked in excess of 40 hours each week.

61. Like Plaintiff, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

62. EOG did not pay Plaintiff on a salary basis.

63. EOG did not pay the Putative Class Members on a salary basis.

64. EOG paid the Plaintiff on a day-rate basis.

65. EOG paid the Putative Class Members on a day-rate basis.

66. EOG failed to pay Plaintiff overtime for hours worked in excess of 40 hours in a single workweek.

67. EOG failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

68. EOG knew, or acted with reckless disregard for whether, Plaintiff and the Putative Class Members were misclassified as independent contractors.

69. Upon information and belief, EOG classifies other workers who perform substantially similar work, under similar conditions, as employees.

70. EOG's policy of failing to pay Plaintiff and the Putative Class Members overtime violates the FLSA and the NMMWA because these workers are, for the purposes of the FLSA and NMMWA, EOG's employees.

71. EOG's day-rate system violates the FLSA and NMMWA because Plaintiff and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

72. Because Plaintiff and the Putative Class Members were misclassified as independent contractors by EOG, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

73. This includes (but obviously is not limited to) the members of the New Mexico Class.

**FLSA VIOLATIONS**

74. EOG violated, and is violating, the FLSA by employing Plaintiff and the Putative Class Members for workweeks longer than 40 hours without paying them overtime.[1]

75. EOG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime.

76. EOG's failure to pay overtime to Plaintiff and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

77. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**NMMWA VIOLATIONS**

78. Plaintiff brings his claim under the NMMWA as a Rule 23 class action.

79. The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act (NMMWA).

80. EOG was and is an "employer" within the meaning of the NMMWA.

81. At all relevant times, EOG employed each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

82. The NMMWA requires an employer like EOG to pay overtime to all non-exempt employees.

83. The members of the New Mexico Class were and are non-exempt employees entitled to overtime pay for all overtime worked.

---

[1] This same conduct violates numerous state laws. Therefore, following some discovery and the opt-in process, Plaintiff may seek leave to add additional claims under state laws.

84. For at least 10 years, EOG had a policy and practice of failing to pay overtime to the New Mexico Class for hours worked in excess of 40 hours per week.

85. EOG maintained a continuing pay practice of misclassifying workers like Plaintiff and the New Mexico Class as independent contractors and paying them a day-rate with no overtime for hours worked in excess of 40 in a workweek.

86. Because EOG failed to pay overtime to the New Mexico Class, EOG violated the NMMWA.

87. EOG's misclassification of the New Mexico Class as independent contractors and denying them overtime is part of a continuing course of conduct.

88. Plaintiff and the other members of the New Mexico Class are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

89. As a result, this action "may encompass all violations that occurred as part of [EOG's] continuing course of conduct regardless of the date on which they occurred."

90. The New Mexico Class is entitled to recover their unpaid overtime based on EOG's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to twice these underpayments as liquidated damages, and such other legal and equitable relief resulting from EOG's violations of the NMMWA as the Court deems just and proper.

91. The New Mexico Class also seeks recovery of attorneys' fees and costs of this action to be paid by EOG, as provided by the NMMWA.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

92. The illegal pay practices EOG imposed on Plaintiff were likewise imposed on the Putative Class Members.

93. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA.

94. Numerous other individuals who worked with Plaintiff were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

95. Based on his experiences and tenure with EOG, Plaintiff is aware that EOG's illegal practices were imposed on other Putative Class Members.

96. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

97. EOG's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

98. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members, including but not limited to the New Mexico Class.

99. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

100. Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members.

101. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

102. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103. Absent a class and collective action, many members of the Putative Class Members will not obtain redress of their injuries and EOG will reap the unjust benefits of violating the FLSA and applicable state labor law.

104. Furthermore, even if some of the Putative Class Members could afford individual litigation against EOG, it would be unduly burdensome to the judicial system.

105. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

106. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether EOG employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA and the NMMWA;

   b. Whether the Putative Class Members were improperly misclassified as independent contractors;

   c. Whether EOG's violation of the NMMWA resulted from a continuing course of conduct;

   d. Whether EOG's decision to classify the members of the Class as independent contractors was made in good faith;

   e. Whether EOG's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

   f. Whether EOG's violation of the FLSA and the NMMWA was willful; and

   g. Whether EOG's illegal pay practices were applied to the Putative Class Members.

107. Plaintiff and the Putative Class Members sustained damages arising out of EOG's illegal and uniform employment policy.

108. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

109. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

110. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

111. WHEREFORE, Plaintiff prays for judgment against EOG as follows:

   a. An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order designating the New Mexico Class as a class action pursuant to Fed. R. Civ. P. 23;

   c. For an Order appointing Plaintiff and his counsel to represent the interests of the federal collective and the New Mexico Class;

   d. For an Order finding EOG liable to Plaintiff and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   e. For an Order finding EOG liable to Plaintiff and the New Mexico Class for unpaid overtime owed under the NMMWA, as well as liquidated damages in an amount equal to twice their unpaid compensation;

   f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

      g.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Lindsay R. Itkin**
    State Bar No. 24068647
    Federal ID No. 1458866
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    litkin@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    Tel: (713) 877-8788
    Fax: (713) 877-8065
    rburch@brucknerburch.com
    mparmet@brucknerburch.com

    **ATTORNEYS FOR PLAINTIFF**